NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230439-U

NOS. 4-23-0439, 4-23-0442 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 21, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JONATHAN ALLEN JAMISON, | ) | Nos. 20CF588 |
| Defendant-Appellant. | ) | 21CF1024 |
| | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE TURNER delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Remand for an inquiry into defendant's *pro se* claims of ineffective assistance
of counsel is warranted where the circuit court failed to do so.

¶ 2    In McLean County case No. 20-CF-588, a grand jury indicted defendant, Jonathan
Allen Jamison, on four counts of unlawful delivery of a controlled substance (720 ILCS
570/401(c)(2), (d)(i), (f) (West 2020)).  Under a plea agreement, defendant pleaded guilty to one
charge of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2020)), and
the State sought dismissal of the other three charges.  The agreement was open as to sentencing.
In McLean County case No. 21-CF-1024, a grand jury indicted defendant on one count of
unlawful delivery of methamphetamine (720 ILCS 646/55(a)(1) (West 2020)).  In November
2021, pursuant to a second plea agreement, defendant pleaded guilty to the charge of unlawful
delivery of methamphetamine.  In March 2022, the McLean County circuit court held a joint

sentencing hearing and sentenced defendant to consecutive prison terms of seven years.

¶ 3        Defense counsel filed a motion to reconsider defendant's sentence.  Counsel later filed a motion to withdraw defendant's guilty plea.  Thereafter, defendant filed *pro se* motions to withdraw his guilty plea, asserting ineffective assistance of counsel.  In May 2023, the circuit court held a hearing on the pending motions.  During the hearing, discussions took place about which motion to hear first.  Defendant wanted the motion to reconsider to be held first, and when the court decided it would not start with the motion to reconsider, defendant withdrew all of his motions to withdraw his guilty plea.  The court only heard defense counsel's motion to reconsider defendant's sentence and denied it.  An inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), never took place.

¶ 4        Defendant appeals, contending his case should be remanded because (1) the circuit court erred by not addressing whether defense counsel had a conflict of interest, (2) defense counsel had an actual conflict when defendant raised an ineffective assistance of counsel claim, (3) counsel could not have complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and (4) a *Krankel* inquiry is warranted because the court failed to conduct one.  We remand the cause with directions.

¶ 5                        I. BACKGROUND

¶ 6        In case No. 20-CF-588, the grand jury indicted defendant on four drug charges. At an August 2020 status hearing, Assistant Public Defender Jennifer Patton appeared on defendant's behalf.  On June 30, 2021, defendant, represented by Patton, pleaded guilty, pursuant to a plea agreement, to count II of the indictment, which alleged, on July 7, 2020, defendant knowingly and unlawfully delivered to a confidential source less than one gram of a substance containing cocaine.  The agreement was open as to sentencing, but the State requested dismissal

of the other three charges. That same day, defendant was released from jail while awaiting sentencing. While out of jail, defendant committed the offense in case No. 21-CF-1024. The indictment in that case asserted, on September 30, 2021, defendant knowingly and unlawfully delivered to a confidential source less than five grams of a substance containing methamphetamine.

¶ 7 On November 1, 2021, the circuit court held a hearing in case No. 20-CF-588, at which Patton asked the court to continue defendant's sentencing hearing. She explained her reasoning as follows:

> "Judge, as you're aware, or you should be aware by reading the [presentence investigation report], [defendant] has been charged with a new felony offense. That was set for arraignment on Friday. I was—when looking at it we decided that I probably had a conflict due to someone else that was involved in the case, so I am not representing him at this time on that case.
>
> With that said, I have talked to [defendant] about it. I logistically feel that, one, I think it can be worked out with some type of plea. If that happens I could represent him if it's not going to trial. Being that I would still let the Court know that I plan on arguing for probation whether it be on one case or two cases. I think when it comes to a decision by the Court to have an open case out there to even consider probation and what may happen there puts everyone in a predicament because if he gets [the Department of Corrections] on a second case, obviously that changes the whole scheme of probation he would have been already sentenced to."

When the court sought further clarification, Patton further stated the following:

"That's I think, Judge. I talked to [defendant] briefly about this. I told him I know very few facts about the other case just because I had a conflict, I really didn't look at the discovery other than what [the prosecutor] is planning on using in aggravation here today."

The court granted the motion to continue.

¶ 8        In November 2021, in case No. 21-CF-1024, defendant, represented by Patton, pleaded guilty to unlawful delivery of methamphetamine. The plea was pursuant to an agreement providing for a $100 street value fine but was open as to the remainder of defendant's sentence. On March 11, 2022, the circuit court held a joint sentencing hearing and sentenced defendant to consecutive prison terms of seven years for the two offenses. Defendant was again represented by Patton.

¶ 9        On March 24, 2022, Patton filed a motion to reconsider defendant's sentence in both cases. In July 2022, Patton filed a motion to withdraw defendant's guilty plea, asserting defendant did not fully understand the consequences of his actions and did not fully consider the ramifications of the open plea agreement when he pleaded guilty. On December 19, 2022, defendant filed *pro se* a motion to withdraw his guilty plea in each case. The motions were different, but both raised a claim of ineffective assistance of counsel. In case No. 20-CF-588, defendant argued Patton failed to (1) go over discovery with him or allow him to review it, (2) challenge the "fatally flawed" information and indictment, and (3) failed to promote an entrapment defense. In case No. 21-CF-1024, defendant argued Patton labored under a conflict of interest because she represented defendant's codefendant, Terry Williams, who gave incriminating statements against defendant, at the same time she represented defendant. He also argued Patton simultaneously represented a State's witness and advised him to plead guilty while

- 4 -

working to get leniency for the State's witness.

¶ 10 On May 18, 2023, the circuit court held a hearing on all pending motions. Patton had filed a certificate in accordance with Rule 604(d) in each case. The court asked Patton if the defense was prepared to proceed on the motions. Patton stated she spoke with defendant about the motion to withdraw guilty plea and he was willing to withdraw the motion and proceed on the motion to reconsider sentence. The court asked defendant if that is how he wanted to proceed, and defendant indicated he wanted the motion to reconsider sentence heard first because that was his main objective. When the court decided to hear the motion to reconsider first, the State objected. The following dialogue took place:

"THE COURT: Well, the allegations is conflict of interest. So where do you see, [defendant], the conflict of interest in Ms. Patton?

Well, okay, technically, [the prosecutor] is right. If you are saying that Ms. Patton was operating under a conflict of interest, if you are saying that she was ineffective, I need to resolve that issue before we go forward with the Motion to Reconsider. Because, if I say she was either ineffective or if I say—then that's going to require some other work to be done. If I say that she was operating under a conflict of interest, she's not going to be able to argue your Motion to Reconsider Sentence, because she'd be in a conflict situation and she can't continue to represent you.

THE DEFENDANT: Right.

THE COURT: So I do need to resolve the ineffective assistance of counsel and the Motion to Withdraw the Guilty Plea first.

So, do you wish to go forward with that?

THE DEFENDANT: No, your Honor. I'll just go with the reconsideration."

¶ 11 The circuit court then heard the motion to reconsider defendant's sentence and denied it.

¶ 12 On May 23, 2023, defendant filed notices of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's appeals under Rule 604(d). On appeal, defendant filed a motion to consolidate the two appeals, which this court granted.

¶ 13                                                    II. ANALYSIS

¶ 14 On appeal, one of defendant's contentions is the circuit court did not conduct a *Krankel* inquiry. The State contends the court was not required to hold a *Krankel* inquiry in this case, but if it was, then this court should not consider any of defendant's other allegations of error at this time. As such, we address the *Krankel* issue first. Whether the court properly conducted a *Krankel* preliminary inquiry or whether one was even warranted presents a legal question we review *de novo*. *People v. Jackson*, 2020 IL 124112, ¶ 98, 162 N.E.3d 223.

¶ 15 A *pro se* posttrial claim alleging ineffective assistance of counsel is governed by the common-law procedure developed by our supreme court in *Krankel* and refined by its progeny. *People v. Roddis*, 2020 IL 124352, ¶ 34, 161 N.E.3d 173. "The procedure encourages the trial court to fully address these claims and thereby narrow the issues to be addressed on appeal." *Roddis*, 2020 IL 124352, ¶ 34. Under the supreme court's procedures, the circuit court does not automatically appoint counsel when a defendant presents a *pro se* posttrial claim alleging ineffective assistance of counsel. *Roddis*, 2020 IL 124352, ¶ 35. Rather, the court first examines the factual basis of the defendant's claim. *Roddis*, 2020 IL 124352, ¶ 35. It does so by

- 6 -

conducting some type of inquiry into the underlying factual basis of the defendant's *pro se* ineffective assistance of counsel claim. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. "Specifically, the trial court must conduct an adequate inquiry \*\*\*, that is, inquiry sufficient to determine the factual basis of the claim." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. In doing so, the court considers the merits of the defendant's allegations in their entirety. *Roddis*, 2020 IL 124352, ¶ 61.

¶ 16    If the circuit court determines the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* claim. *Roddis*, 2020 IL 124352, ¶ 35. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Roddis*, 2020 IL 124352, ¶ 35. New counsel can then independently evaluate the defendant's claim and avoid the conflict of interest trial counsel would have in trying to justify his or her own actions contrary to the defendant's position. *Roddis*, 2020 IL 124352, ¶ 36. New counsel also represents the defendant at the hearing on the *pro se* ineffective assistance of counsel claim. *Roddis*, 2020 IL 124352, ¶ 36.

¶ 17    To trigger the *Krankel* process, a defendant does not have to file a written motion but need only bring his or her claim to the circuit court's attention. *People v. Patton*, 2022 IL App (4th) 210561, ¶ 102, 213 N.E.3d 971. In other words, "[w]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the circuit court's duty to conduct a preliminary *Krankel* inquiry." (Internal quotation marks omitted.) *Patton*, 2022 IL App (4th) 210561, ¶ 102. On the other hand, if a defendant fails to present a clear claim of ineffective assistance of counsel, the court's duty to conduct a preliminary *Krankel* inquiry is not triggered. *Patton*, 2022 IL App (4th) 210561, ¶ 102. We recognize our supreme court has held a circuit court is required to conduct a *Krankel* inquiry

when a defendant states, "I received ineffective assistance of counsel." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 23.

¶ 18        While the circuit court had jurisdiction of the cause due to the pending and timely filed motion to reconsider defendant's sentence, defendant filed a motion to withdraw his guilty plea in both cases, in which he clearly and unmistakably raised the issue of ineffective assistance of counsel. Thus, the court was to conduct a *Krankel* inquiry before addressing any of the other pending postplea motions. Defendant's decision to only proceed on his motion to reconsider his sentence did not relieve the court of its duty to conduct a *Krankel* inquiry. The discussions regarding what motion to hear first, which led to defendant pursuing only the motion to reconsider his sentence, should never have taken place because the aforementioned case law mandated the *Krankel* inquiry to take place first. Moreover, the record suggests defendant was pressured into not pursuing his *pro se* motions. Defendant clearly indicated he wanted to pursue all of his motions with the motion to reconsider being addressed first. When the State objected to that procedure and insisted defendant's *pro se* motions had to be addressed first, defendant without advice from counsel or admonishments from the court decided to pursue only the motion to reconsider.

¶ 19        In his reply brief, defendant asserts, for the sake of judicial economy, this court should remand the case for the appointment of new counsel and new postplea proceedings. See *People v. McKinney*, 2023 IL App (4th) 220356-U, ¶ 37 (declining to remand for an adequate *Krankel* inquiry and, instead, providing for the appointment of new counsel based on the particular facts of that case and for the sake of judicial economy). We decline to do so. Since no inquiry has ever been made into defendant's ineffective assistance of counsel claim, the record does not support the appointment of new counsel.

¶ 20        Given our decision to remand for a new *Krankel* inquiry, we decline to address defendant's other claims on appeal but do retain jurisdiction. Depending on the result of the *Krankel* proceedings, those issues may become moot. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177.

¶ 21                                    III. CONCLUSION

¶ 22        For the reasons stated, we remand the cause to the McLean County circuit court to conduct a new *Krankel* inquiry into defendant's ineffective assistance of counsel claims.

¶ 23        Cause remanded with directions.