NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230490-U

NO. 4-23-0490

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 19, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ROBERTO ARTURO LIMA, | ) | No. 21CF1278 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Cavanagh and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order was vacated and the matter remanded for further proceedings where (1) the court erred as a matter of law when it dismissed defendant's motion to withdraw his guilty plea for lack of jurisdiction and (2) defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant, Roberto Arturo Lima, pleaded guilty to criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2020)), and the trial court sentenced him to 14 years and 10 months in prison. Defendant filed a timely *pro se* motion to reconsider his sentence. Thereafter, defense counsel filed an appearance, an amended motion to reconsider the sentence, and a motion to withdraw the guilty plea. The court dismissed defendant's motion to withdraw the guilty plea, finding it lacked jurisdiction to hear the motion as it was untimely, and denied defendant's amended motion to reconsider the sentence. Defendant appeals. We vacate the court's order and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant by information with criminal sexual assault (count I) (720 ILCS 5/11-1.20(a)(1) (West 2020)) and criminal sexual abuse (count II) (720 ILCS 5/11-1.50(a)(1) (West 2020)). Defendant entered into an open guilty plea agreement wherein he pleaded guilty to count I and, in exchange, the State dismissed count II.

¶ 5        On January 31, 2023, the trial court held a sentencing hearing and sentenced defendant to 14 years and 10 months in the Illinois Department of Corrections. The court admonished defendant he had 30 days to ask the court to reconsider its sentence or withdraw his guilty plea. The next day, defense counsel mailed defendant a letter terminating his representation and informing defendant he had 30 days to file a motion to reconsider the sentence, which was required to perfect his appeal. Defense counsel enclosed a template motion.

¶ 6        On February 21, 2023, defendant filed a *pro se* motion to reconsider the sentence with the template motion, arguing his sentence was excessive. That same day, new defense counsel filed an appearance.

¶ 7        On March 9, 2023, defense counsel filed an amended motion to reconsider the sentence and asserted defendant's sentence was excessive. Defense counsel also filed an "amended" motion to withdraw the guilty plea, claiming defendant neither fully understood the consequences of his actions nor considered the ramifications of the plea agreement.

¶ 8        On April 18, 2023, the State filed a response to the amended motion to withdraw the guilty plea, arguing (1) the motion was untimely as it was filed more than 30 days after defendant was sentenced, (2) the plea was knowing and voluntary, and (3) defendant failed to state a legal basis to allow the withdrawal of his plea or show a manifest injustice had occurred.

¶ 9        On June 2, 2023, the trial court held a hearing. The court first addressed counsel's amended motion to withdraw the guilty plea. Counsel agreed the word "amended" should be stricken because defendant never previously filed a motion to withdraw the guilty plea. Counsel explained she incorrectly believed defendant had filed a motion to withdraw the guilty plea based on discussions with defendant's family and she did not have access to the court file at the time she filed the motion. Counsel also acknowledged defendant had only filed a motion to reconsider the sentence within 30 days of his sentencing but explained defendant's previous counsel sent him a letter stating he needed to file a motion to reconsider the sentence. As to the contents of the motion to withdraw the guilty plea, counsel stated she ceased her work on that motion until resolution of the State's position that the motion was untimely to avoid unnecessarily increasing defendant's financial obligations. If the court found the motion to be timely, counsel explained:

> "I would be asking for time to file an amended motion based on some information that I think is going to take an investigator to look into, and the family is aware of that. They've retained the investigator, but we have stopped all work on that to see how we are going to proceed here today."

The State stood on its written response and reiterated its position that the motion to withdraw was untimely. The court found defendant was correctly admonished that he had 30 days to file a motion to withdraw, which he failed to do. Thus, the court found it was without jurisdiction to address the motion to withdraw the guilty plea and dismissed the motion.

¶ 10       The trial court then considered defendant's motion to reconsider. Defense counsel tendered a Rule 604(d) certificate (see Ill. S. Ct. R. 604(d) (eff. July 1, 2017)), explaining, "I have reviewed both the transcripts of the plea and of the sentencing. I went through that with my client. Obviously I haven't done everything I could with the motion to withdraw guilty plea because it's

untimely, but we have discussed his motion to reconsider sentence." In sum, counsel argued the court did not give enough weight to the mitigating evidence, as defendant was sentenced to two months below the maximum sentence. The court found it properly considered the factors in mitigation before it and denied the motion.

¶ 11 This appeal followed.

¶ 12                                  II. ANALYSIS

¶ 13 On appeal, defendant argues (1) the trial court erred when it held it lacked jurisdiction over his motion to withdraw his guilty plea and (2) counsel's Rule 604(d) certificate was noncompliant. He asks this court to (1) vacate the court's judgment with respect to his motion to withdraw his guilty plea and reconsider the sentence and (2) remand for new Rule 604(d) proceedings. Alternatively, he argues he was denied the effective assistance of counsel where his counsel instructed him to participate in a sex offender evaluation and offered the evaluation into evidence, and the court heavily relied on the evaluation when sentencing him. He asks this court to vacate his sentence and remand for a new sentencing hearing. The State argues the court lacked jurisdiction over defendant's motion to withdraw his guilty plea, defense counsel strictly complied with Rule 604(d), and defendant did not receive ineffective assistance of counsel.

¶ 14                       A. Jurisdiction Over Postplea Motions

¶ 15 When a defendant pleads guilty and seeks to challenge either the plea itself or the sentence, he must file the appropriate motion before the trial court within 30 days of the date on which the sentence was imposed. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). If the defendant seeks to challenge his guilty plea, he must file a motion to withdraw the plea of guilty and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). If the defendant seeks to challenge his sentence, he must file a motion to reconsider the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The

- 4 -

question presented in this case is whether the trial court has jurisdiction over a motion to withdraw the guilty plea filed beyond 30 days from sentencing when a timely filed motion to reconsider the sentence remains pending before it. This jurisdictional issue presents a question of law, which we review *de novo*. *People v. Marker*, 233 Ill. 2d 158, 162 (2009).

¶ 16 Defendant argues, because he filed a timely *pro se* motion to reconsider his sentence and it remained pending when defense counsel filed the motion to withdraw his guilty plea, the trial court had jurisdiction to hear it. Defendant primarily relies on *People v. Cook*, 2023 IL App (4th) 210621, to support his position. In *Cook*, 2023 IL App (4th) 210621, ¶ 47, the defendant filed a timely *pro se* motion to reconsider the sentence, but it lacked a notice of motion upon filing. The defendant argued in his motion to reconsider that his sentence was excessive and the evidence was insufficient to sustain his conviction. *Cook*, 2023 IL App (4th) 210621, ¶ 12. Over a year later, counsel filed a motion to withdraw the defendant's guilty plea, alleging the guilty plea was made unknowingly and was the product of coercion and the defendant's sentence was excessive. *Cook*, 2023 IL App (4th) 210621, ¶ 14. The court denied the motion. On appeal, the State argued this court lacked jurisdiction because the defendant failed to file a notice of motion with his motion to reconsider the sentence. *Cook*, 2023 IL App (4th) 210621, ¶ 27. We addressed our jurisdiction over the matter as follows:

"We find that we have jurisdiction to consider the merits of this appeal. The initial *pro se* motion to reconsider sentence, filed within 30 days of sentencing, was timely filed even though no notice of motion accompanied it upon filing. Although the case sat dormant for a period of over a year because defendant's attorneys were unaware of his *pro se* filing, no objection was filed and the matter went forward. The motion to withdraw defendant's guilty plea, filed over 13 months later and

- 5 -

considered an amendment to the initial *pro se* motion, was likewise timely. See

*People v. Kibbons*, 2016 IL App (3d) 150090, ¶ 12 ('Even though the defendant

filed the wrong motion under Rule 604(d), it was a timely motion directed against

the judgment and tolled the time for appeal under Rule 606(b).'). Defendant

thereafter filed a timely notice of appeal after the denial of his motion to withdraw

his guilty plea." *Cook*, 2023 IL App (4th) 210621, ¶ 47.

¶ 17 Here, the State argues *Cook* is distinguishable because (1) this court in *Cook* was concerned with our own jurisdiction to consider the defendant's argument on appeal and (2) in this case, "the amended motion to withdraw guilty plea had no relation to the *pro se* motion to reconsider sentence, especially since post-plea counsel also filed an amended motion to reconsider sentence." The State's argument is unpersuasive. Although this court discussed postplea motions within the context of appellate jurisdiction, we nonetheless explained the timeliness of subsequent postplea motions when a timely postplea motion remained pending before the trial court. See *People v. Jamison*, 2024 IL App (4th) 230439-U, ¶ 18 (explaining the trial court had jurisdiction over the defendant's motion to withdraw his guilty plea filed 30 days beyond sentencing where a timely filed motion to reconsider the sentence was already pending before the court). We also note the State fails to cite any authority to support its position that jurisdiction here would only exist if the contents of the pending timely postplea motion and the contents of the subsequent postplea motion are connected.

¶ 18 We emphasize this is not an instance where the trial court had already ruled on the timely postplea motion and an untimely subsequent postplea motion followed. See *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 9 ("[O]nce the trial court entered its final judgment on that matter and ruled on defendant's timely motion to reconsider his sentence, it could not exercise

- 6 -

jurisdiction of defendant's untimely motion to withdraw his plea."). Here, defendant filed a timely *pro se* motion to reconsider his sentence, and the court retained jurisdiction over the matter. Counsel then filed a motion to withdraw the guilty plea before the resolution of the pending motion to reconsider the sentence. Like in *Cook*, this was a timely amendment or supplement to defendant's *pro se* postplea challenge. See *Cook*, 2023 IL App (4th) 210621, ¶ 47. Therefore, the court erred when it found that it lacked jurisdiction over defendant's motion to withdraw his guilty plea. See *People v. Lopez*, 223 Ill. App. 3d 520, 521-22 (1992) (holding when the defendant timely filed a motion to withdraw the guilty plea, the court retained jurisdiction, and the filing of a motion to reduce the sentence before the hearing on the motion to withdraw did not affect the court's jurisdiction). We also find the cases relied on by the State to be inapposite, as neither involved a timely postplea motion. See *People v. Bailey*, 2014 IL 115459, ¶ 8 (addressing the revestment doctrine when no motion is filed within the 30-day window); *People v. Flowers*, 208 Ill. 2d 291, 303 (2003) (finding the trial court no longer had authority to address a motion to vacate the judgment or reconsider the sentence where more than 30 days had elapsed since sentencing). Thus, the court erred as a matter of law when it dismissed defendant's motion.

¶ 19                                  B. Rule 604(d) Certificate

¶ 20             Next, we address counsel's Rule 604(d) certificate of compliance. We note a compliant Rule 604(d) certificate is a condition precedent to a hearing on defendant's motion to withdraw his guilty plea, and it would be an exercise in futility to remand the matter to the trial court for a hearing on defendant's motion to withdraw his guilty plea without first addressing defendant's argument that his counsel's certificate of compliance is deficient. See *People v. Porter*, 258 Ill. App. 3d 200, 203-04 (1994) (stating when a certificate of compliance is found to be

noncompliant, the hearing previously held on the motion is a nullity, as it was tainted by the failure to follow the certificate procedure).

¶ 21       Rule 604(d) directs attorneys in postplea proceedings as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 22       Rule 604(d) requires strict compliance, and where counsel's certificate fails to strictly comply, we must remand the matter to the trial court to allow the defendant the opportunity to file a new postplea motion and hold a new hearing on the motion. *People v. Gorss*, 2022 IL 126464, ¶ 19. Where counsel's certificate facially complies with Rule 604(d), remand may nonetheless be required if the record shows counsel did not comply with his or her obligations under that rule. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. We review *de novo* counsel's compliance with Rule 604(d). *Curtis*, 2021 IL App (4th) 190658, ¶ 30.

¶ 23       Defendant argues, although defense counsel's certificate facially complied with Rule 604(d), the certificate is rebutted by the record. With respect to defendant's motion to withdraw his guilty plea, defense counsel explained the motion in its current form was not ready for presentation and she would seek leave to amend the motion if the trial court resolved the jurisdictional issue in defendant's favor. Specifically, she stated the motion omitted information

relating to defendant's claim and defendant retained an investigator. We agree with defendant that this representation rebuts defense counsel's certificate that she had made any amendments necessary to the motion for an adequate presentation of any defect in the proceedings. See *People v. Winston*, 2020 IL App (2d) 180289, ¶ 15 (finding counsel failed to adequately present defects in the entry of the plea where counsel orally argued the evidence was insufficient but the claim was not included in an amended motion supported by affidavits); *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 9 (finding counsel had a duty to amend the defendant's motion and attach an affidavit to support facts that did not appear of record). Thus, counsel's certificate is noncompliant.

¶ 24          Defendant also argues, since defense counsel's facially compliant Rule 604(d) certificate has been rebutted, there is no assurance that she strictly complied with her obligations under the rule with respect to the motion to reconsider his sentence, either. We agree. Our confidence in defense counsel's strict compliance with Rule 604(d) is undermined by the aforementioned inadequacy, and new proceedings in strict compliance with Rule 604(d) are necessary. The proper remedy is to remand the cause to the trial court for "(1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011). Finally, as we are remanding the cause for new Rule 604(d) proceedings, we need not address defendant's alternative argument.

¶ 25                                   III. CONCLUSION

¶ 26          For the reasons stated, we vacate the trial court's order dismissing defendant's motion to withdraw his guilty plea and denying his motion to reconsider the sentence and remand the cause for further proceedings in strict compliance with Rule 604(d).

¶ 27          Vacated and remanded with directions.