NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230128-U

NO. 4-23-0128

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JAMES W. KYLES, | ) | No. 12CF1390 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court reversed, concluding defendant was entitled to new *Krankel* counsel based on ineffective assistance of *Krankel* counsel at second-stage *Krankel* proceedings.

¶ 2     In November 2015, defendant, James W. Kyles, pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2012)) and was sentenced to 21 years' incarceration. After several continuances of the hearing on his motion to reconsider sentence, defendant *pro se* filed a motion to withdraw his guilty plea, which included several allegations of ineffective assistance of plea counsel. Thereafter, plea counsel withdrew, and the trial court appointed the public defender's office to further represent defendant in postplea proceedings. The public defender proceeded only on the motion to reconsider sentence. The court denied the motion, and defendant appealed.

¶ 3         In September 2020, the Second District remanded the cause for the appointment of proper *Krankel* counsel (*People v. Krankel*, 102 Ill. 2d 181 (1984)) to investigate defendant's claims of ineffective assistance of postplea counsel and either (1) file a motion laying out any nonfrivolous claims for a second-stage *Krankel* hearing or (2) move to withdraw on the basis there were no nonfrivolous claims. *People v. Kyles*, 2020 IL App (2d) 180087, ¶ 48. *Krankel* counsel filed a "Motion Pursuant to *Krankel*," which included a claim plea counsel operated under a conflict of interest. After an evidentiary hearing, the trial court denied defendant's motion.

¶ 4         On appeal, defendant alleges he received ineffective assistance of *Krankel* counsel or, in the alternative, counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We agree with defendant's first contention and reverse and remand with instructions.

¶ 5                              I. BACKGROUND

¶ 6         The Second District set forth the underlying facts of this case in defendant's prior appeal. See *Kyles*, 2020 IL App (2d) 180087. Accordingly, we will set forth only those facts necessary to resolve the issues presented in this case.

¶ 7         In May 2012, defendant was charged with aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2012)), attempted first degree murder (*id.* § 8-4(a), 9-1(a)(1)), and two other firearm offenses. In October 2012, defendant retained private counsel, Glenn Jazwiec.

¶ 8         On November 6, 2015, the last day of court before defendant's case was scheduled to go to trial, the trial court held a plea hearing. Prior to the plea, the court raised the issue of a potential conflict of interest with defense counsel. Jazwiec explained, "I spoke to [defendant] in regards to the State's witness, Demetrius Shivers, who I have represented. I told [defendant] in regards to that regarding any potential conflict, and [defendant] has notified me that he would be

waiving any conflict that there would be." The court questioned Jazwiec on the nature of his representation of Shivers, who was listed as a witness in the State's discovery disclosures. Jazwiec explained he had represented Shivers on an unrelated drug charge, and the case was resolved with a plea agreement approximately two months before defendant's plea hearing. Jazwiec informed the court he was not aware Shivers was a witness when representing him, but he confirmed the State disclosed Shivers as a witness. The following colloquy occurred between the court and defendant:

"THE COURT: Okay. Now, [defendant], Mr. Jazwiec discussed that with you today?

[DEFENDANT]: Yes, Your Honor.

THE COURT: And are you waiving any potential conflict—if a conflict exists, are you waiving any potential conflict in Mr. Jazwiec representing you when he previously represented this Mr. Shivers?

Apparently he was representing you and Shivers simultaneously, obviously, at some point. Are you waiving any potential conflict in Mr. Jazwiec continuing to represent you?

[DEFENDANT]: No, Your Honor.

THE COURT: Maybe I didn't phrase it correctly.

There could be an argument that there is a conflict in Mr. Jazwiec representing you when he previously represented this State's witness, Mr. Shivers. Do you understand that?

[DEFENDANT]: Yes.

THE COURT: You could claim there is a conflict, I don't want him representing me if he represented this witness for the State. Do you understand that part?

[DEFENDANT]: Yes, Your Honor.

THE COURT: Are you waiving or giving up any claim of potential conflict? Are you—I don't know how else to phrase it. Let me ask this: Do you want Mr. Jazwiec to continue to represent you?

[DEFENDANT]: Yes, Your Honor.

THE COURT: Even in light of the fact that he represented Mr. Shivers until a couple months ago when his case was resolved, you still want Mr. Jazwiec to represent you?

[DEFENDANT]: Yes, Your Honor.

THE COURT: You don't see any problem in him representing you when he previously represented this Mr. Shivers too?

[DEFENDANT]: No.

THE COURT: Are you satisfied with the work he has done for you, Mr. Jazwiec?

[DEFENDANT]: Yes, Your Honor."

The court then requested the terms of the plea agreement. Jazwiec explained defendant would plead guilty to aggravated battery with a firearm with a sentencing cap of 25 years. In exchange for his guilty plea, the other charges would be dismissed. After the court fully admonished defendant, it accepted his plea.

¶ 9        At a March 2016 hearing, defendant was sentenced to 21 years' incarceration. Jazwiec filed a motion to reconsider defendant's sentence shortly thereafter. The record reflects a series of continuances of the hearing on this motion.

¶ 10        In July 2017, while the motion to reconsider was still pending, defendant filed a *pro se* motion to withdraw his guilty plea. The motion included, alongside a claim of actual innocence, several allegations of ineffective assistance of counsel as to Jazwiec. The motion alleged, in part, Jazwiec "had been at all times representing a current witness" and Jazwiec knew or should have known the representation created a conflict of interest. Further, the motion stated the conflict of interest led "counsel into misleading and deceived [defendant] into a open-plea before the Court as counsel interest and legal representation was at all times more favorable toward or to the witness ([Shivers]) and against [defendant]." The motion also alleged Jazwiec instructed defendant to "just say: yes" to the trial court's questions when discussing the guilty plea.

¶ 11        In August 2017, Jazwiec filed a motion to withdraw as counsel based on defendant's allegations in the motion to withdraw his guilty plea. At a hearing, the trial court allowed Jazwiec to withdraw and appointed the public defender to represent defendant on all pending issues.

¶ 12        At an October 2017 hearing, Assistant Public Defender Margie O'Conner informed the trial court defendant had decided to proceed only on the motion to reconsider his sentence. O'Conner withdrew defendant's motion to withdraw his guilty plea and filed a new amended motion to reconsider sentence. After a hearing, the court denied the motion to reconsider sentence and stated defendant had "a perfected right to an appeal." Defendant appealed.

¶ 13        On appeal, the Second District determined the trial court had failed to hold a proper *Krankel* hearing and defendant's newly appointed counsel, O'Conner, was ineffective. *Kyles*, 2020

IL App (2d) 180087, ¶ 27. The court determined the trial court had an "obligation to make a preliminary inquiry into the merits of the *pro se* claim" regardless of the appointment of new counsel. *Id.* ¶ 36. In doing so, the court further acknowledged the distinctive roles of *Krankel* counsel and general postplea counsel. *Id.* The court then determined O'Conner abandoned the ineffective assistance claims defendant raised in his *pro se* motion to withdraw his guilty plea but did not move to withdraw as *Krankel* counsel. *Id.* ¶ 46. Because of her dual roles as *Krankel* counsel and general postplea counsel, the Second District found it could not determine whether O'Conner had reviewed defendant's claims of ineffective assistance. *Id.* Therefore, the court concluded it must presume O'Conner failed to act as *Krankel* counsel at all, thereby presuming prejudice in accordance with *United States v. Cronic*, 466 U.S. 648 (1984). *Kyles*, 2020 IL App (2d) 180087, ¶ 46 (citing *People v. Downs*, 2017 IL App (2d) 121156-C (*Downs V*)). The Second District concluded:

> "We reverse the judgment and remand the cause with directions to the trial court to appoint new counsel, who will investigate defendant's *pro se* claims of ineffective assistance and then either (1) present any nonfrivolous claims in a proper motion and at a second-stage *Krankel* hearing or (2) move to withdraw on the basis that there are no nonfrivolous claims and, on the record, support the request to withdraw with a reasonably specific explanation of the facts and the law in support thereof." *Id.* ¶ 48.

¶ 14        On remand, the public defender's office indicated it could not represent defendant due to a conflict based on the Second District's decision. The trial court appointed conflict counsel. The appointed conflict counsel then filed a motion to withdraw based on her firm's representation of Shivers in an ongoing proceeding. A second conflict counsel was appointed. Second conflict

counsel also withdrew due to representing another potential witness. A third conflict counsel was appointed. Third conflict counsel withdrew due to sharing office space with Jazwiec. Finally, in July 2021, attorney John Logan was appointed as conflict counsel.

¶ 15 In July 2022, Logan filed a "Motion Pursuant to *Krankel*." As to the conflict-of-interest claim, the motion stated: "Defense counsel was ineffective in that he represented a witness for the prosecution (who identified Charles Stallworth,) namely Demetrius Marquis Shivers in Winnebago County criminal case 2015 CF 1931, creating a conflict of interest." The State filed a response to defendant's motion, which stated, as to the conflict-of-interest issues, Jazwiec's representation had ended, so there was no *per se* conflict of interest, and defendant had failed to establish an actual conflict of interest.

¶ 16 The trial court held a hearing on the *Krankel* motion in December 2022. Jazwiec testified he had represented defendant and entered into plea negotiations with the State. When asked to summarize the negotiations, Jazwiec stated, "I would like to say I—this was seven some years ago—," but continued, "I believe there was a 402 conference that was held. We had various discussions with the State, and I believe that we, at least at one point had a trial date set." Jazwiec did not recall the sentencing cap but believed "there was some type of cap." He did not recall what sentence he requested at the sentencing hearing. Jazwiec stated he represented Shivers, and he "believe[d]" or at least "saw the motion" Shivers was a witness in defendant's case. When asked if Shivers's testimony involved identifying a codefendant, Jazwiec stated, "That's a possibility." Jazwiec stated he knew he was representing two related parties and made the conflict clear to defendant. When asked what he told defendant about the conflict, Jazwiec stated:

"All I remember is is that my representation of his ended prior to the time of the plea. And I do know that at the time in which we entered the plea, there was

discussion with Judge Truitt regarding that. And I believe it was specifically waived

by [defendant] on the record—."

Jazwiec believed he ended his representation of Shivers "a few months before" defendant's plea and his representation of Shivers was "very brief." Jazwiec denied any special treatment for defendant or Shivers.

¶ 17    Defendant testified he did not know about Jazwiec's representation of Shivers until the day of his guilty plea. Defendant believed Shivers's testimony would have identified him and his codefendant. Defendant stated, "I didn't have no knowledge of him representing [Shivers] until the day of, in which he told me when I pleaded guilty to waiver, as he just said here, there was no conflict of interest, which it was. But I have no knowledge of, you know, really knowing." Defendant affirmed he would not have executed the plea if he had been aware of Jazwiec's representation of Shivers. Defendant felt Jazwiec was not representing him "at his best ability." On cross-examination, defendant agreed he waived the conflict on the day of his plea.

¶ 18    After defendant's testimony, Logan stood on the motion and made no further argument. The trial court continued the hearing to obtain and review the transcripts from the prior proceedings.

¶ 19    On January 27, 2023, the hearing reconvened for the trial court's decision. As to the conflict-of-interest claim, the court recited the claim as written in the motion and ruled as follows:

"The Court notes that the as written claim does not explain in any detail why or how attorney Jazwiec's representation of Demetrius Shivers, at the same time he was also representing [defendant], caused a conflict of interest or how that conflict of interest, if any, prejudiced [defendant] during his plea presentment or after his

plea presentment. Court records reflect that Demetrius Shivers pled guilty and received first offender probation on 09/14/2015, approximately two months before [defendant] pled guilty on November 6th of 2015. Attorney Jazwiec represented Shivers at his plea presentment. There is no information in the record, no allegation made by, by counsel for the defense or by the State or by anyone that Shivers had entered into any kind of a cooperation agreement with the State in connection with [defendant's] trial and/or plea. So those records are not available.

Attorney Jazwiec at the hearing that we held, testified credibly, and supported by the plea transcript that [defendant] had waived any possible conflict with respect to Attorney Jazwiec's representation of Demetrius Shivers. [Defendant] repeatedly affirmed to Judge Truitt that he wanted attorney Jazwiec to remain as counsel during his plea presentment. ***

Even if [defendant] subjectively did not believe he had waived a perceived conflict of interest, [defendant] has not demonstrated that the conflict, if any, caused his conviction or otherwise prejudiced him in any way. As noted above, [defendant] has an obligation to show both that his counsel's performance was objectively unreasonable and that the deficient performance resulted in actual prejudice to the defendant. [defendant] in this case, has not established either, that Attorney Jazwiec's performance was deficient, or that he was actually prejudiced on the issue of prior representation of Demetrius Shivers."

The court denied all allegations in the motion.

¶ 20        This appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22     On appeal, defendant argues *Krankel* counsel provided ineffective assistance and failed to comply with the appellate court's mandate. In the alternative, defendant contends counsel failed to file a Rule 604(d) certificate. Because we agree with defendant's first contention, we reverse and remand for further proceedings.

¶ 23                                    A. Dismissal

¶ 24     As a threshold matter, the State argues we cannot address the merits of defendant's appeal because he did not timely file a motion to withdraw his partially negotiated guilty plea prior to filing his notice of appeal.

¶ 25     Generally, a defendant's filing of a motion to withdraw his guilty plea pursuant to Rule 604(d) is "a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). A defendant's failure to file a timely motion to withdraw pursuant to the rule does not deprive this court of jurisdiction. *Id.* at 301. Rather, as a general rule, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits," and the appeal must be dismissed. *Id.* Specifically, Rule 604(d), as it existed when defendant pleaded guilty, states in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has

bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

As defendant's plea agreement involved a sentencing cap, it was a partially negotiated plea of guilty. Therefore, before appealing a judgment on a plea of guilty, defendant was required to file a motion to withdraw his plea and vacate the judgment. Otherwise, the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) would be defendant's only recourse. *Flowers*, 208 Ill. 2d at 301.

¶ 26 However, the record reflects defendant did in fact file a timely motion to withdraw his plea and vacate the judgment. See *People v. Lima*, 2024 IL App (4th) 230490-U, ¶ 18 (finding where a defendant files a postplea motion while a timely filed postplea motion remains pending, the subsequent motion is a "timely amendment or supplement to [the] defendant's *** postplea challenge"). It was this motion which led to the *Krankel* proceedings. Although the trial court did not hold a proper *Krankel* hearing at the time and O'Conner later withdrew the motion to withdraw the guilty plea, the proceedings on remand were a continuation of the proceedings on defendant's claims of ineffective assistance of counsel as raised in his motion to withdraw his guilty plea.

¶ 27 The Second District directed new counsel on remand to file "a proper motion" for a second stage *Krankel* hearing. *Kyles*, 2020 IL App (2d) 180087, ¶ 48. "The second stage consists of an adversarial and evidentiary hearing on the defendant's claims, and during this hearing the defendant is represented by *Krankel* counsel." *Downs V*, 2017 IL App (2d) 121156-C, ¶ 43. Here, counsel titled the second-stage motion as "Motion Pursuant to *Krankel*." In similar cases, these motions have been entitled "amended motion for a new trial" (*People v. Downs*, 2022 IL App (2d)

200280-U, ¶ 18 (*Downs VI*)) and "motion seeking a finding of ineffective assistance of counsel" (*People v. Cassimatis*, 2018 IL App (2d) 180764-U, ¶ 59). " '[A] motion's content determines its character, not the title or label asserted by the movant.' " *People v. Johnson*, 2019 IL App (4th) 170622, ¶ 12 (quoting *People v. Smith*, 371 Ill. App. 3d 817, 821 (2007)). Defendant's motion claimed ineffective assistance of counsel during his guilty plea proceedings. If the trial court had determined defendant's plea counsel had provided ineffective assistance, the proper remedy would be a return to the status quo prior to defendant's guilty plea. In essence, therefore, a motion to withdraw guilty plea and a second-stage *Krankel* motion have the same function. See *People v. Jones*, 2024 IL App (1st) 221506, ¶ 25 ("*Krankel* serves a purpose like that of Rule 604(d) by allowing the trial court to fact-find while memories are fresh."); see also *People v. Evans*, 174 Ill. 2d 320, 332 (1996) (finding a motion to withdraw guilty plea, if granted, would return the parties to the status quo). Therefore, we find for the purpose of our review of the *Krankel* proceedings, defendant's motion pursuant to *Krankel* functioned as a continuation of his motion to withdraw his guilty plea, and Rule 604(d) does not bar our review of the merits of defendant's claims.

¶ 28        The State further cites *People v. Anderson*, 2023 IL App (4th) 220357, ¶¶ 16-17, for the proposition defendant cannot challenge his *Krankel* hearing without a timely motion to withdraw his guilty plea. However, as this court stated, the trial court in *Anderson* did not have jurisdiction to even hold a *Krankel* hearing, as the defendant's ineffective assistance claim there was untimely filed during probation revocation proceedings. *Id.* ¶ 17. Therefore, this court vacated the order appointing new counsel as void. *Id.* ¶ 18. Such is not the case here. The trial court here specifically had jurisdiction to entertain defendant's *Krankel* motion, as the Second District remanded the case for the trial court to hold further *Krankel* proceedings. *Kyles*, 2020 IL App (2d)

180087, ¶ 48. Further, as discussed, the *Krankel* proceedings functioned as a continuation of defendant's timely motion to withdraw his guilty plea. *Anderson* is inapposite.

¶ 29    The State also argues this court does not have jurisdiction as defendant's motion to reconsider sentence remains pending. See Ill. S. Ct. R. 606(b) (eff. Dec. 7, 2023) ("When a timely posttrial or postsentencing motion directed against the judgment has been filed *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court."). The State finds its justification for this claim by interpreting the Second District's reversal as reversing the amended motion to reconsider sentence. However, the appellate court's directions were clear. The cause was remanded for the trial court to appoint new counsel, who would "then either (1) present any nonfrivolous claims in a *proper motion* and at a second-stage *Krankel* hearing or (2) move to withdraw on the basis that there are no nonfrivolous claims." (Emphasis added.) *Kyles*, 2020 IL App (2d) 180087, ¶ 48. Neither of these options imply the motion to reconsider was reinstated. As we have already determined defendant's motion pursuant to *Krankel* functioned as a continuation of his motion to withdraw guilty plea, there was no pending motion before the trial court.

¶ 30                    B. Ineffective Assistance of *Krankel* Counsel

¶ 31    Turning to the merits of the instant appeal, defendant argues Logan provided ineffective assistance during second-stage *Krankel* proceedings. Specifically, defendant contends Logan failed to present his claim related to Jazwiec's conflict of interest in representing Shivers.

¶ 32    This case comes to us after the Second District remanded with specific instructions. The Second District instructed appointed counsel to "(1) present any nonfrivolous claims in a proper motion and at a second-stage *Krankel* hearing or (2) move to withdraw on the basis that there are no nonfrivolous claims." *Id.* After the Second District's decision in the first appeal,

- 13 -

Winnebago County was redistricted from the Second District to the Fourth District. The Illinois Supreme Court has given us specific instructions for this situation:

> "If a case is heard by one appellate district on appeal and if a subsequent appeal in that case is heard by a new appellate district pursuant to this order, the new district shall treat the decision of the prior district as the law of the case. The fact that the decision of the prior district applied the law of the prior district that is contrary to the law of the new district shall not be a basis for departing from the decision of the prior district." Ill. S. Ct., M.R. 30858 (eff. Dec. 8, 2021).

Therefore, we will apply the law for second-stage *Krankel* hearings as it has developed in the Second District and consistent with the prior order in this case. The propositions of law set forth below are generally derived from the Second District's disposition, which relied heavily on *Downs V*.

¶ 33        At the second stage of *Krankel* proceedings, a defendant is represented by *Krankel* counsel for the presentation of their claims of ineffective assistance at an adversarial and evidentiary hearing. *Downs V*, 2017 IL App (2d) 121156-C, ¶ 43. *Krankel* counsel has an obligation during second stage proceedings "to independently evaluate the defendant's *pro se* allegations of ineffective assistance of trial counsel and present those with merit to the trial court." *Id.* ¶ 49. If *Krankel* counsel "cannot find a single nonfrivolous allegation of ineffective assistance of trial counsel," then counsel "should seek permission from the trial court to withdraw from his or her representation of the defendant" and "accompany the motion requesting permission to withdraw with a memo analyzing the defendant's allegations and explaining why they lack arguable merit." *Id.* ¶ 51.

¶ 34        A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29; *People v. Cherry*, 2016 IL 118728, ¶¶ 24-30 (applying *Strickland* for a claim of ineffective assistance of *Krankel* counsel). To prevail on an ineffective-assistance claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18 (2010).

¶ 35                                    1. *Deficient Performance*

¶ 36        Defendant argues *Krankel* counsel was ineffective for failing to fully plead his conflict-of-interest claim. To establish deficient performance, the defendant must show "counsel's performance 'fell below an objective standard of reasonableness.' " *People v. Valdez*, 2016 IL 119860, ¶ 14 (quoting *Strickland*, 466 U.S. at 688).

¶ 37        "A criminal defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation." *People v. Yost*, 2021 IL 126187, ¶ 36.

> "Unlike other jurisdictions, Illinois law recognizes two types of conflict of interest—actual and *per se*. *People v. Fields*, 2012 IL 112438, ¶ 17; see also [*People v. Spreitzer*, 123 Ill. 2d 1, 14 (1988)] (noting '[t]he term "*per se*" conflict does not appear in the United States Supreme Court case law, or for that matter, in cases from our sister jurisdictions')." *Id.* ¶ 37.

¶ 38        "A *per se* conflict of interest exists when specific facts about the defense attorney's status, by themselves, create a disabling conflict." *Id.* ¶ 39. Our supreme court recognizes three

instances which are *per se* conflicts of interest: "(1) when defense counsel has a contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) when defense counsel contemporaneously represents a prosecution witness; and (3) when defense counsel was a former prosecutor who was personally involved in the prosecution of the defendant." *Id.* ¶ 66.

¶ 39       An actual conflict of interest, however, requires a defendant to "identify an actual conflict that adversely affected his counsel's performance." *Id.* ¶ 38. To establish an actual conflict, a defendant must "identify a specific deficiency in his counsel's strategy, tactics, or decision making that is attributable to the alleged conflict." *Id.* "Speculative allegations and conclusory statements are insufficient to establish an actual conflict of interest." *Id.*

¶ 40       On appeal, defendant specifically argues Logan did not identify a specific deficiency attributable to the conflict in order to properly plead an actual conflict of interest. However, it is of note to this court that Logan in fact did not argue whether the alleged conflict was a *per se* or actual conflict of interest at all. The claim as laid out in the *Krankel* motion was a mere barefaced allegation Jazwiec's representation of Shivers was a conflict of interest. Whether the claim should have been presented as an actual or *per se* conflict is a decision for *Krankel* counsel to make. However, in this case, Logan failed to make that decision when he included the claim in the *Krankel* motion.

¶ 41       Further, Logan made no argument challenging the alleged waiver, which would be a potential fatal flaw in any conflict-of-interest claim. Prior to his plea, defendant may have waived the conflict of interest in court. A waiver of conflict-free counsel must be made knowingly and intelligently. *People v. Polk*, 2024 IL App (1st) 181933, ¶ 256. Such a waiver "is therefore 'not valid unless the defendant is admonished regarding the existence and significance of the

conflict.' " *Id.* (quoting *People v. Poole*, 2015 IL App (4th) 130847, ¶ 34). Logan made no mention of the waiver in the *Krankel* motion, much less alleged the waiver was invalid. It is not clear from the record whether Logan was actually aware of the waiver when he included the conflict-of-interest claim.

¶ 42    Logan did not correct these deficiencies at the second-stage *Krankel* hearing, despite the State's motion pointing out "[s]peculative allegations and conclusory statements are insufficient to establish an actual conflict of interest." Logan called Jazwiec, who could not recall when his representation of Shivers ended, but "believe[d]" it was "a few months before." The majority of Jazwiec's statements were nonspecific and vague, and he did not recall several key facts about the case, such as the sentence he requested for defendant, eventually agreeing with Logan's suggestion of 10 years, saying, "I'd be guessing, but that sounds about right." Yet Logan did not call into question Jazwiec's vague testimony. Despite major discrepancies between Jazwiec's and defendant's testimony—for example, when Jazwiec informed defendant he was also representing Shivers—Logan made no argument after the testimony was presented and stood "on the motion."

¶ 43    The State concedes Logan's inclusion of the conflict-of-interest claim implies he considered it to be " 'nonfrivolous' at the very least," although the State disagrees with defendant on the implication of this finding. However, Logan was under "no obligation to raise that argument in a posttrial motion." *People v. Brown*, 2017 IL App (3d) 140921, ¶ 34; see *People v. Easley*, 192 Ill. 2d 307, 329 (2000) ("[I]t is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong."). In fact, the Second District's instructions on remand specifically directed *Krankel* counsel to "present any *nonfrivolous claims* in a proper motion." (Emphasis added.) *Kyles*, 2020

- 17 -

IL App (2d) 180087, ¶ 48. By including the claim in the *Krankel* motion, Logan was acknowledging the claim was nonfrivolous. However, by failing to address the core arguments of a conflict-of-interest claim in any meaningful way, Logan's representation was objectively deficient.

¶ 44                                    2. *Prejudice*

¶ 45        Although we have found counsel's performance was deficient, a defendant also must establish he was prejudiced by counsel's performance. Prejudice is established when a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Evans*, 209 Ill. 2d 194, 219-20 (2004). "[A] reasonable probability that the result would have been different is a probability sufficient to undermine confidence in the outcome," meaning the result of the proceeding was "unreliable or fundamentally unfair." *Id.* at 220. A reasonable probability of a different result may exist even when there is "ample" evidence in support of the outcome that occurred. See *People v. Simpson*, 2015 IL 116512, ¶¶ 35, 37, 39, 41.

¶ 46        When the Second District considered this case in the first appeal, it came to the conclusion, following the holdings in *Cronic* and *Downs V*, prejudice could be presumed where counsel "failed to act as *Krankel* counsel at all." *Kyles*, 2020 IL App (2d) 180087, ¶ 46. There is a presumption of prejudice where: "(1) the defendant is denied counsel at a critical stage of the proceedings, (2) counsel entirely fails to subject the State's case to meaningful adversarial testing, or (3) counsel is called upon to represent a client in circumstances under which no lawyer could provide effective assistance." *Downs V*, 2017 IL App (2d) 121156-C, ¶ 40 (citing *Cherry*, 2016 IL 118728, ¶ 25). The Second District applied the second exception in its prior decision in this case. *Kyles*, 2020 IL App (2d) 180087, ¶ 46. However, as "our supreme court cautioned that [the second

*Cronic*] exception will be successfully invoked only rarely and in extreme circumstances." *Downs V*, 2017 IL App (2d) 121156-C, ¶ 40. In this case, we do not find the deficiency reached the level of no representation at all. Although counsel may have failed to adequately present the specific conflict-of-interest claim in any meaningful way, he did present several claims in the *Krankel* motion and examined witnesses during the hearing.

¶ 47 Even without a presumption of prejudice, however, we find there was a reasonable probability the results would have been different if counsel had fully pleaded defendant's conflict-of-interest claim. The trial court expressly denied the conflict-of-interest claim based on the deficiency of the pleadings. In its ruling, the court stated:

> "The Court notes that *the as written claim does not explain* in any detail why or how attorney Jazwiec's representation of Demetrius Shivers, at the same time he was also representing [defendant], caused a conflict of interest or how that conflict of interest, if any, prejudiced [defendant] during his plea presentment or after his plea presentment." (Emphasis added.)

The court also noted defendant had waived the conflict of interest, and it stated, "Even if [defendant] subjectively did not believe he had waived a perceived conflict of interest, [defendant] has not demonstrated that the conflict, if any, caused his conviction or otherwise prejudiced him in any way." The court finished, "[Defendant] has an obligation to show both that his counsel's performance was objectively unreasonable and that the deficient performance resulted in actual prejudice to the defendant. [Defendant] in this case, *has not established either*." (Emphasis added.)

¶ 48 It is clear from the trial court's ruling that the decision on defendant's conflict-of-interest claim was based on counsel's failure to present it. Indeed, the court was unable to consider the merits of defendant's conflict-of-interest claim because the court was not presented

with the claim in a way to allow it to actually weigh the evidence. Thus, we need not determine whether a fully laid out claim *would* have resulted in a different outcome because counsel's failure to present the claim is sufficient to "undermine confidence in the outcome." *Evans*, 209 Ill. 2d at 220. We are, therefore, confident there is a *reasonable probability* an adequately presented claim would change the results of the proceedings. See *id.*

¶ 49          We also cannot find defendant had a full and fair hearing on the merits of his claim to conclude the result would not be different but for counsel's errors. The State cites *People v. Brown*, 2023 IL App (4th) 220573, for the proposition no remand is required where a defendant received a full and fair evidentiary hearing on his claims of error. We find *Brown* is distinguishable. The question in *Brown* revolved around a facially compliant Rule 604(d) certificate, creating a presumption of compliance. *Id.* ¶ 50. This court held, "Where postplea counsel filed a facially compliant Rule 604(d) certificate and the trial court determines after a full and fair hearing that the defendant's claims are *meritless*, defects in the *pleadings* do not justify a remand for further proceedings." (Emphases added.) *Id.*

¶ 50          However, here, no Rule 604(d) certificate was presented to create a presumption of compliance, and counsel's failings were not limited to the pleadings. As discussed, counsel failed to challenge Jazwiec's testimony at the hearing, even when it conflicted with the record. For example, when Logan asked Jazwiec if he knew he was representing the two related parties, Jazwiec responded, "Yes." Yet at the plea hearing, when the trial court asked Jazwiec, "[A]t the time you were representing Mr. Shivers, were you aware that he was listed on the State's list of witnesses in this *** case?", Jazwiec responded, "I was not." We need not speculate as to a possible reasonable explanation for this discrepancy in the testimony, because that was the very role of counsel at the time of the hearing.

¶ 51    Additionally, we further distinguish *Brown*, where this court determined the defendant's ineffective assistance claim was meritless. *Id.* ¶ 34. Here, this court cannot determine the claim was meritless, and the trial court did not have a real opportunity to consider the merits of the conflict-of-interest claim. It is undisputed Jazwiec at some point represented both defendant and Shivers, a State's witness against defendant. Whether this resulted in a conflict of interest, *per se* or actual, and whether defendant waived that conflict involves facts not before this court and facts which were not presented to the trial court. As such, we cannot speak to the ultimate merit of defendant's claims. However, we also cannot say based on this record defendant's claims are meritless.

¶ 52    As a reasonable probability exists, had counsel fully and properly presented a conflict-of-interest claim, the results of the proceedings would have been different, we find defendant was prejudiced and *Krankel* counsel therefore provided ineffective assistance.

¶ 53    In closing, we note we are loath to remand this case for another *Krankel* evidentiary hearing. Defendant was originally charged in 2012, and it has been nearly nine years since his guilty plea. This case has dragged on for far longer than needed. However, we cannot ignore counsel's failure to appropriately present the conflict-of-interest claim in any meaningful way. As defendant did not receive effective assistance of *Krankel* counsel, we are obligated to remand this cause once again for the appointment of new *Krankel* counsel, who will investigate defendant's *pro se* claims of ineffective assistance and then either (1) present any nonfrivolous claims in a proper motion and at a second-stage *Krankel* hearing or (2) move to withdraw on the basis that there are no nonfrivolous claims and, on the record, support the request to withdraw with a reasonably specific explanation of the facts and the law in support thereof. See *Kyles*, 2020 IL App

(2d) 180087, ¶ 48. Prior counsel's assessment of defendant's claims should have no bearing on new counsel's analysis of whether any claim is nonfrivolous.

¶ 54    We additionally note for defendant's newly appointed *Krankel* counsel, the process of second-stage *Krankel* hearings has been discussed. However, we encourage counsel to clarify the remedy requested by defendant should the hearing resolve in his favor. We remind counsels appointed for second-stage *Krankel* hearings that there is no third stage to *Krankel* proceedings.

¶ 55                                III. CONCLUSION

¶ 56    For the reasons stated, we reverse the trial court's judgment and remand the cause with instructions.

¶ 57    Reversed and remanded with instructions.